# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGAN CIGRANG,<br><br>　　　　Plaintiff,<br>vs.<br>COUNTY OF LOS ANGELES et al.,<br>　　　　Defendants. | Case No.: CV 12-10406 CBM (MANx)<br>(Hon. Margaret A. Nagle)<br>**PROTECTIVE ORDER** |

　　　　Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Proposed Protective Order ("Proposed Order") filed on March 19, 2014, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's deletion of paragraph 11 and amendment of paragraphs 5, 7, and 9 of the Proposed Order.

　　　　The parties are expressly cautioned that the designation of any information, document, or thing as CONFIDENTIAL does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties'

1  designation of any information, document, or thing as CONFIDENTIAL is
2  wholly insufficient to warrant a filing under seal.
3       There is a strong presumption that the public has a right of access to
4  judicial proceedings and records in civil cases.  In connection with non-
5  dispositive motions, good cause must be shown to support a filing under seal.
6  The parties' mere designation of any information, document, or thing as
7  CONFIDENTIAL does not -- **without the submission of competent evidence,**
8  **in the form of a declaration or declarations, establishing that the material**
9  **sought to be filed under seal qualifies as confidential, privileged, or**
10 **otherwise protectable** -- constitute good cause.
11      Further, if sealing is requested in connection with a dispositive motion or
12 trial, then compelling reasons, as opposed to good cause, for the sealing must be
13 shown, and the relief sought shall be narrowly tailored to serve the specific
14 interest to be protected.  *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-
15 79 (9th Cir. 2010).  For each item or type of information, document, or thing
16 sought to be filed or introduced under seal in connection with a dispositive
17 motion or trial, the party seeking protection must articulate compelling reasons,
18 supported by specific facts and legal justification, for the requested sealing order.
19 **Again, competent evidence supporting the application to file documents**
20 **under seal must be provided by declaration.**
21      Any document that is not confidential, privileged, or otherwise protectable
22 in its entirety will not be filed under seal if the confidential portions can be
23 redacted.  If documents can be redacted, then a redacted version for public
24 viewing, omitting only the confidential, privileged, or otherwise protectable
25 portions of the document, shall be filed.  Any application that seeks to file
26 documents under seal in their entirety should include an explanation of why
27 redaction is not feasible.
28

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## **TERMS OF PROTECTIVE ORDER**

1. That the information contained in the documents or items produced or to be produced by the defendants County of Los Angeles and Probation Officers Jorge Beltran and Richard Madero (hereinafter "defendants") in response to plaintiff's request for production of documents may contain statements, documents, and information which are the basis of certain ongoing employment claims and matters as well as personal and confidential information as to the defendants. This protective order **provides protection for** confidential and personal information contained in the investigative and employee files of the defendants.

2. All documents and/or information, including information derived therefrom, (collectively, "Confidential Information") produced by any party or third party pursuant to any discovery request, subpoena, or other provision of the *Federal Rules of Civil Procedure* in the above-captioned litigation regarding personnel or other employment related files of employees of the County of Los Angeles, including, but not limited to, those of Probation Officers Jorge Beltran and Richard Madero, as well as any investigative reports, transcripts, and other writings and recordings regarding the January 8, 2012 incident, which is the subject of the Complaint in this matter, will be covered by this Protective Order.

3. All confidential materials produced shall be marked "CONFIDENTIAL." If the first page of any multi-page document bears this legend, then the entire document is deemed confidential, unless otherwise

indicated by the producing party.  The stamping of the legend "CONFIDENTIAL" is for identification purposes only, and in the event that a document produced is inadvertently not stamped with the legend "CONFIDENTIAL," such document is still subject to the provisions of this Protective Order.

      4.      Files, documents, writings, and things to be designated as **"CONFIDENTIAL," in whole or in part,** include the following:

      a) Any Los Angeles County investigation documents, including, but not limited to, tape recorded interviews, compelled statements of officers, complainants, and other witnesses, supporting documentation, listings, transcripts, and photographs; and

      b) Any personnel file(s), background hiring materials, or complaints and complaint investigations of any former or current Los Angeles County employee, including, but not limited to, performance evaluations, commendations, training records, prior personnel complaints, disciplinary information, compensation information, and information regarding an employee's off duty time, vacation time, sick days, time off, etc.

      5.      Challenging Designation of Confidential Materials.  At any time after receipt of documents labeled as Confidential Information, the Receiving Parties may provide the disclosing Parties with a written objection to the classification of specific documents as prohibited from disclosure under this Protective Order and the basis for the Receiving Parties' objection.  Upon receipt of such a written objection, the disclosing Parties shall provide a written response to the Receiving Parties within five business days.  If the Disclosing Parties do not agree with the position of the Receiving Parties, the Receiving Parties shall have the option of proceeding with a discovery motion contesting the confidential nature of the disputed documents.  The parties shall comply with the meet and

1  confer requirements of **all applicable provisions of** the *Federal Rules of Civil*
2  *Procedure* **and the Local Civil Rules for the Central District of California**
3  prior to the filing of any such motion.
4        6.    All Confidential Information provided in accordance with this
5  **Protective** Order may be used for all proceedings in this matter only, including
6  law and motion, trial, and/or appeal.  However, without limiting the above use,
7  the dissemination of all such Confidential Information will be limited to the same
8  individuals entitled to use/review such Confidential Information as stated herein.
9  The Court will retain jurisdiction to determine whether any Confidential
10  Information may be used before the Court or in the Court.
11        7.    Testimony taken at any deposition may be designated as confidential
12  by making a statement to that effect on the record at the deposition.
13  Arrangements shall be made by the party **taking the deposition** with the Court
14  Reporter transcribing such proceedings to separately bind such portions of the
15  **deposition** transcript containing information designated as confidential and to
16  label such portions accordingly.  Any request to seal Confidential Information
17  that becomes part of the record shall be made **in accordance with Local Rule**
18  **79-5.1.**
19        8.    All Confidential Information produced in accordance with the
20  **Protective** Order shall not be used, other than **in** the instant case, in any
21  deposition, legal proceeding for media use/dissemination, or in any other forum,
22  nor shall the Confidential Information be disseminated in any form, except by
23  Court order, or until such time as the "Confidential" designation is removed by
24  agreement of counsel for the parties or by further order of this Court.
25        9.    Confidential Information shall be viewed only by:  (1) the Court and
26  its staff; (2) counsel of record for the receiving party, including associates, clerks,
27  and secretarial staff for such parties**;** (3) the parties to the action, including
28  designated representatives of Defendant County of Los Angeles**;** (4) witnesses

other than the parties may review any statement made by that witness, reports containing, referencing, or repeating that witness' statements, and evidentiary and other items referenced in their statements or reports of their statements, so long as that witness has agreed in writing in advance of any disclosure of Confidential Information to be bound by this Protection Order**;** (5) independent experts and consultants retained by parties; and (6) any associates, assistants, and secretarial personnel of such experts, consultants, and other persons designated by agreement of counsel for the parties, and so long as they have agreed in writing in advance of any disclosure of Confidential Information to be bound by this Protective Order.  In the event an individual does not consent to be bound by this Protective Order, no disclosure of Confidential Information will be made to such individual.

10. Confidential Information produced in connection with this Order shall not be disclosed, disseminated, or in any manner provided to the media or any member of the public, unless the Court has ruled that the Confidential Information may be divulged to the media and the public.

11. **[DELETED]**

12. Those individuals authorized to review the Confidential Information in connection with this litigation are expressly prohibited from duplicating, copying, or otherwise distributing, disseminating, or orally disclosing any of the disclosed Confidential Information for any purpose to any person or entity not permitted access herein.

13. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of Confidential Information.

14. In the event that the terms of this Protective Order are violated, the parties agree that the aggrieved party may immediately apply to this Court to obtain injunctive relief and sanctions against any person violating any of the terms of this Protective Order.  This Court shall retain jurisdiction over the

1 parties for the purpose of enforcing this Protective Order, and the Court shall
2 have the power to modify this Protective Order at any time and to impose
3 whatever penalties it deems appropriate for the violation of this Protective Order.
4 Any such request for injunctive relief and/or monetary sanctions must be made
5 by a properly noticed motion and pursuant to statute.

6     15. This Protective Order, and the obligations of all persons thereunder,
7 including those relating to the disclosure and use of Confidential Information,
8 shall survive the final termination of this case, whether such termination is by
9 settlement, judgment, dismissal, appeal, or otherwise, until further order of the
10 Court.

11     16. The parties will preserve all such Confidential Information and
12 copies thereof, and will destroy them or return them to the producing party when
13 this litigation is concluded.

14

15 **IT IS SO ORDERED.**

16

17 Dated: April 2, 2014          By: _/s/ Margaret A. Nagle_____
18                                          MARGARET A. NAGLE
                                         U. S. MAGISTRATE JUDGE